*Joseph B. & Bryan Cumming* and *Cobb, Erwin & Rucker,* for defendant.

---

### PEE DEE MFG. CO. *v.* GEORGIA RAILROAD & BANKING CO.

ATKINSON, J. This case is of the same character as that of *Delgado Mills* v. *Ga. R. Co.,* ante, 175. The injury resulted from the same fire, and the cotton had been sold and draft drawn under similar circumstances. The only difference was that the draft was drawn March 6th and forwarded for collection a sufficient time to have been paid by the purchaser before the fire, and the forwarding bank received the proceeds of the draft, but there was no direct evidence that it was paid by the person to be notified, or that the payment was made before the fire. *Held,* that as the plaintiff, who was the' purchaser of the cotton, must recover on the strength of his own title, and it was not shown that he had paid the draft before the fire, there was no error in directing a verdict for the defendant at the conclusion of the evidence offered by both parties.

*Judgment affirmed. All the Justices concur, except*

FISH, C. J., and LUMPKIN, J., dissenting. The presiding judge can not properly direct a verdict for the defendant unless, under all the evidence and legitimate inferences which the jury might draw therefrom, it can be said as a matter of law that the plaintiff is not entitled to recover. Civil Code, § 5926. In this case, if the draft with the bill of lading attached was paid by the plaintiff before the fire occurred, the title was in the plaintiff and it was authorized to bring the action. There was some evidence tending to show that the draft was paid. The only question is whether there was evidence from which the jury might infer that this payment was made before the' fire occurred. The draft with the bill of lading attached was deposited in a bank at Athens, Georgia, on March 7th. The fire occurred on March 16. The president of the bank testified that there was nothing on the records of the bank to show that the draft was returned at all; that it was evidently paid, and he would say within a week; and that ordinarily, going through' the regular course of business, a draft going that way ought to be paid

inside of seven days. We think that the jury might have inferred from this that the payment of the draft was made before the fire occurred; and that it was error for the presiding judge to direct a verdict for the defendant.

OCTOBER 12, 1915.

The description of the case next preceding applies here.